# CHARLESTON.

STATE EX REL. SMITH v. COUNTY COURT KANAWHA COUNTY.

Submitted April 19, 1916.    Decided April 20, 1916.

1. ELECTIONS—*Political Parties—Selection of Committee—Review by Courts.*

Determination by the state executive committee of a political party, of the right of a county executive committee of such party to elect as its chairman and a member thereof, a person outside of its own previously elected members, and of the regularity of its action in declaring vacant the seat of a member who has moved to another state and filling the same, based upon the usages and customs of such political party, and violative of no statute, is not reviewable by the courts. (p. 260).

2. SAME—*Registration of Voters—Appointment of Registrars—Selections by Party Committee.*

A county court can not arbitrarily refuse to appoint, as registrars of voters, competent and qualified persons, recommended to it for such appointment by a majority of the members of the county executive committee of a political party, entitled by sec. 98aI, ch. 28, Acts 1915, to make such recommendation. (p. 261).

Original proceedings by the State, on the relation of S. P.

Smith, for writ of mandamus to the County Court of Kanawha County and others.'

                                        *Writ awarded.*

*McClintic, Mathews & Campbell* and *S. B. Avis,* for petitioner.

*Grant P. Hall,* for respondents.

WILLIAMS, PRESIDENT:

This is the second application which has been made to this court, at the present term, by relator S. P. Smith, as Chairman of the Republican County Executive Committee of Kanawha County, for a writ of mandamus to compel Grant Copenhaver, one of the members of the county court of said county, the third member being absent from the State, to act with M. P. Malcolm, another member of said court, and appoint, as registrars of the voters of said county, certain persons whose names were certified for such appointment by relator, acting under authority of such committee.

On the previous application the writ was denied for reasons set forth in the written opinion handed down on the 11th day of this month. On the facts, as they then appeared, relator did not show a clear legal right to the writ. A controversy between rival factions of said county executive committee then existed, involving purely political questions: first, as to whether relator was a properly constituted member and the chairman of such committee; and second, whether the action of the committee was regular and lawful, in declaring vacant the place of S. A. Fogarty, who had been elected a member thereof in 1912, but who had thereafter moved to the state of Ohio and taken up his residence there, and filling such vacancy by appointing W. S. McAfee in his stead. Being of the opinion that these were questions which should be determined by the higher political tribunals of the republican party, we refused to grant the writ, because they had not been so determined. Since then the State Republican Executive Committee has met and settled those questions in favor of the contention of relator, basing its decision on the customs and usages of the republican party. After that decision was

made relator renewed his application to the County Court to appoint the registrars recommended by him, and Grant Copenhaver, a member of said court, again refused to concur with M. P. Malcolm, the only other member thereof then present, in making the appointment of the persons so recommended, not because of any alleged disqualification of any of them, but for the sole reason, alleged in his return, that the decision by the State Executive Committee holding relator to be the chairman of the Republican County Executive Committee of Kanawha county, and W. S. McAfee to be a lawful member thereof in place of S. A. Fogarty whose place had been declared vacant, was illegal. The State Executive Committee's decision is stated by it to be according to the usages and customs of the political party it represents. It is purely a political matter, involving no personal or property rights, and is violative of no statute or rule of law, and is not reviewable by the courts. This point was, in effect, determined by our decision rendered on the former application for the writ. But the grounds on which we then refused the writ no longer exist. The determination of the controverted political questions by the State Executive Committee, and the renewed application, made thereafter to the County Court for the appointment of the registrars, and its failure to make the appointments, because of respondent's refusal to act, supplies what was lacking on the former application, and now gives relator a clear legal right to the writ. Sec. 98aI, ch. 28, Acts 1915, makes it the imperative duty of the county court to appoint the persons, as registrars, who are recommended by the county executive committee of a political party from which registrars are to be selected, provided they are competent and qualified. Respondent does not claim any of the persons recommended by relator are incompetent or otherwise disqualified. His sole ground of refusal is that the persons were not recommended by a majority of the county republican executive committee, and that the action of the State Executive Committee in recognizing relator as the chairman and the other members of the county committee who acted in concert with him as constituting a majority of such committee, was illegal. This is not a lawful excuse for refusing to obey the

alternative writ. The decision by the State Executive Committee is final and determined that matter against the contention of respondent. The peremptory writ will be awarded against respondent Grant Copenhaver.

*Writ awarded.*